O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL McGROARTY, and on behalf of all others similarly situated, | Case No. EDCV 08-1360-VAP (OPx) |
| Plaintiff, | **[Motion filed on March 2, 2009]** |
| v. | **ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS** |
| AMERICAN BACKGROUND INFORMATION SERVICES, INC., a Virginia Corporation; and DOES 1 through 100, inclusive, | |
| Defendants. | |

Defendant American Background Information Services, Inc.'s Motion for Judgment on the Pleadings came before the Court for hearing on March 23, 2009.  After reviewing and considering all papers filed in support of, and in opposition to, the Motion, as well as the arguments advanced by counsel at the hearing, the Court GRANTS the Motion.

1
## I. BACKGROUND
2  **A.  Factual Allegations**

3       In September 2006, Plaintiff Michael McGroarty
4  ("Plaintiff") authorized a pre-employment background
5  check as part of an employment application.  (See Compl.
6  at ¶ 16.)  Defendant American Background Information
7  Services, Inc. ("Defendant"), "one of the largest pre-
8  employment background checkers in the nation," conducted
9  the background check on Plaintiff.  (Id. at ¶ 6.)  In the
10  course of conducting Plaintiff's background check,
11  Defendant accessed California's Megan's Law Internet
12  website ("Megan's Law website") to determine whether or
13  not Plaintiff was a registered sex offender.  (Id. at ¶
14  15-16.)  Plaintiff alleges Defendant customarily uses the
15  Megan's Law website in conducting all background checks
16  "to facilitate the denial of employment to individuals
17  who are required to register as sex offenders."  (Id. at
18  ¶ 16.)

19

20  **B.  Procedural History**

21       Plaintiff filed a putative class action Complaint
22  against Defendant on August 5, 2008 in the California
23  Superior Court in the County of Riverside.  The Complaint
24  contained the following claims: (1) violations of
25  California Penal Code §§ 290.4 and 290.46; (2) violations
26  of California Civil Code § 1786.20; and (3) declaratory
27  relief.  (See Compl.)  On October 3, 2008, Defendant
28

1  removed the case to this Court on the basis of the Class
2  Action Fairness Act, 28 U.S.C. § 1453.  (See Not. of
3  Removal.)  Defendant filed an Answer to the Complaint on
4  November 7, 2008.

5

6      On March 2, 2009, Defendant filed a Motion for
7  Judgment on the Pleadings, pursuant to Federal Rule of
8  Civil Procedure 12(c) ("Motion") and a Request for
9  Judicial Notice of attached Exhibits A through E.[1]  On
10 March 9, 2009, Plaintiff filed Opposition and a Request
11 for Judicial Notice of three attachments.[2]  On March 16,
12 2009, Defendant filed a Reply.

13

14                    **II. LEGAL STANDARD**

15     A motion for judgment on the pleadings is a vehicle
16 for summary adjudication, but the standard is like that
17 of a motion to dismiss.  Hishon v. King & Spalding, 467
18 U.S. 69, 73 (1984); Dworkin v. Hustler Magazine, Inc.,
19 867 F.2d 1188, 1192 (9th Cir. 1989).  It is "functionally
20 identical" to a motion to dismiss for failure to state a
21 claim; the only significant difference is that a 12(c)
22 motion is properly brought "after the pleadings are
23 closed - but early enough not to delay trial."  Fed. R.
24 Civ. P. 12(c); Dworkin, 867 F.2d at 1192; see William W.

25 _____

26     [1] Both parties failed to attach the proper backing to
   their papers, in violation of Local Rule 11-3.5.
27
28     [2] The Court grants Defendant's and Plaintiff's
   Requests for Judicial Notice.  See Fed. R. Evid. 201.

1 | Schwarzer, A. Wallace Tashima & James M. Wagstaffe,
2 | Federal Civil Procedure Before Trial § 9:319-323.
3 |
4 | The Court may grant judgment on the pleadings "when,
5 | taking all allegations in the pleading as true, the
6 | moving party is entitled to judgment as a matter of law."
7 | McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir.
8 | 1996); Baker v. Citibank (S.D.) N.A., 13 F. Supp. 2d
9 | 1037, 1044 (S.D. Cal. 1998).  The court must assume the
10 | truthfulness of all material facts alleged and construe
11 | all inferences reasonably to be drawn from the facts in
12 | favor of the responding party.  General Conference Corp.
13 | of Seventh-Day Adventists v. Seventh-Day Adventist
14 | Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989);
15 | McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th
16 | Cir. 1988); see NL Industries, Inc. v. Kaplan, 792 F.2d
17 | 896, 898 (9th Cir. 1986).
18 |
19 | **III. DISCUSSION**
20 | Defendant brings this Motion properly after the
21 | "close of pleadings," as it has filed its Answer to the
22 | Complaint.  Defendant seeks judgment on the pleadings as
23 | to each of Plaintiff's claims.  (See Mot.)

4

1  **A.  Claim One - Violations of California Penal Code §§**
2      **290.4 and 290.46**

3      Plaintiff alleges Defendant uses information from the
4  Megan's Law website to "facilitate the denial of
5  employment to individuals who are required to register as
6  sexual offenders," in violation of California Penal Code
7  Sections 290.4 and 290.46 (hereinafter "Section 290.4"
8  and "Section 290.46").  (See Compl. at ¶ 16.)  Sections
9  290.4 and 290.46 prohibit the use of information provided
10 by the Megan's Law website for any purpose related to
11 employment.  Cal. Penal Code § 290.4(d)(2)(E);
12 290.46(l)(2)(E).

13

14     In its Motion, Defendant argues the prohibitions
15 listed in Sections 290.4 and 290.46 do not apply because
16 it does not "use" the information collected from the
17 Megan's Law website; rather it collects and distributes
18 the information to the employer, who then may use the
19 information in making an employment decision.  (See Mot.
20 at 6-9.)  To support this argument, Defendant presents
21 the legislative history of Section 290.4, showing the
22 Legislature amended the section in 2004 by deleting the
23 following provision: "Any person who copies, distributes,
24 discloses, or receives this record or information from
25 it, except as authorized by law, is guilty of a
26 misdemeanor, punishable by imprisonment in a county jail
27 not to exceed six months, or by a fine not exceeding one
28

1   thousand dollars ($1,000), or by both that imprisonment
2   or that fine...." (See Def.'s Request for Judicial
3   Notice, Ex. C at 34.) According to Defendant, the
4   Legislature intended to abolish liability for those
5   persons or organizations, like Defendant, who simply
6   copy, distribute, or disclose information about
7   registered sex offenders. (See Mot. at 8.)
8
9        Examination of the legislative history behind this
10  Amendment reveals the support for Defendant's argument.
11  The Legislature's deletion of the provision quoted above
12  in 2004 is consistent with an intent to protect from
13  liability the copying, distribution, disclosure, and
14  receipt of information from the Megan's Law registry.  In
15  2004 when the Legislature amended Megan's Law, it added
16  Section 290.46, which transformed public access to sex
17  offender registration records by making them available
18  over the Internet; before the 2004 revision, the public
19  either could call a particular telephone number or review
20  a CD-ROM at a police station to obtain access to this
21  information.  (See Def.'s Request for Judicial Notice,
22  Ex. C.)  With this amendment, the Legislature intended
23  "to notify members of the public of the existence and
24  location of sex offenders so they can take protective
25  measures." People v. Hofsheier, 37 Cal. 4th 1185, 1196
26  (2006) (internal quotations and citations omitted).  If
27  mere access to the information continued to be subject to
28

1  criminal penalties, this purpose would not be served by
2  Megan's Law.  Thus, in order for persons to "take
3  protective measures" by educating themselves with
4  information about sex offenders in their communities, the
5  Legislature eliminated liability for access or
6  distribution of the information to serve this purpose.
7

8      Plaintiff urges the Court to recognize that access to
9  and distribution of information from the Megan's Law
10 website, when done for a commercial purpose, constitutes
11 "use" of the information.  (See Opp'n.)  The Court
12 declines to make such a finding, as there is no basis in
13 the record before the Court for drawing such a
14 distinction.  Mere access to and distribution of the
15 information, whether or not for a commercial or non-
16 commercial purpose, are not bases for liability under the
17 statute; the statute does not take into account the
18 intent of the person gaining access to the information
19 from the Megan's Law website, so long as that person does
20 not "use" the information for an improper purpose.
21 Accordingly, the Court will not read the statute as
22 implying the distinction urged by Plaintiff.
23

24     Next, Defendant points to the statutory framework of
25 the Investigative Consumer Reporting Agencies Act
26 ("ICRAA"), Cal. Civ. Code § 1786, et seq.  The ICRAA
27 describes the function of agencies, such as Defendant, as
28

1 "furnishing" information, not using information. (Id.)
2 Under the ICRAA, investigative consumer reporting
3 agencies may furnish investigative consumer reports to
4 users that seek the report for a proper purpose, as
5 defined by the statute. See Cal. Civ. Code § 1786.12.
6 Reading the ICRAA and Megan's Law together, Defendant
7 urges the Court to find its function as a distributor of
8 information, rather than a user of information gathered
9 from the Megan's Law website.

10

11 The Court finds this argument somewhat persuasive.
12 The ICRAA demonstrates organizations, such as Defendant,
13 are furnishers of information whereas their customers,
14 prospective employers in this case, are the ultimate end-
15 users of the information. Applying this distinction to
16 the Megan's Law statutory framework, it is apparent that
17 agencies that furnish investigative consumer reports are
18 the gatherers and distributors of information, not the
19 ultimate users of the information.

20

21 Finally, Defendant submits as Exhibit B a January 9,
22 2009 Order from California Superior Court Judge Emilie H.
23 Elias adopting Defendant's argument that a background
24 information collection agency does not "use" the Megan's
25 Law information, but rather collects it and distributes
26 it to its clients. (See Def.'s Request for Judicial
27 Notice, Ex. B.) Defendant's reliance on Judge Elias's
28

1 | opinion is misplaced.  There, the Superior Court merely
2 | adopted the defendant's proposed order, which contained
3 | no legal analysis, only facts and conclusions.  This
4 | authority is neither binding nor persuasive.

6 | Defendant has shown it cannot be found liable in this
7 | case because it does not "use" information from the
8 | Megan's Law website; Defendant merely gains access to the
9 | information, collects it, and distributes it to
10 | prospective employers, who ultimately decide whether or
11 | not to "use" the information in an employment decision.
12 | Accordingly, the restrictions on the "use" of the
13 | information available on the Megan's Law website do not
14 | apply to Defendant.  The Court GRANTS Defendant's Motion
15 | on this ground.

17 | **B.   Claim Two - Violations of California Civil Code §**
18 | **1786.20**

19 | Plaintiff alleges Defendant violated California Civil
20 | Code Section 1786.20 (hereinafter "Section 1786.20").
21 | The statute provides in relevant part: "[a]n
22 | investigative consumer reporting agency may not make an
23 | inquiry for the purpose of preparing an investigative
24 | consumer report on a consumer for employment purposes if
25 | the making of the inquiry by an employer or prospective
26 | employer of the consumer would violate applicable federal
27 | or state equal employment opportunity law or regulation."

1  Cal. Civ. Code § 1786.20(c).  Defendant argues it is
2  entitled to judgment on this claim because Megan's Law is
3  not an "equal employment opportunity law or regulation."
4  (See Mot. at 9-10)[3]

5

6      Defendant is correct on this point.  The purpose of
7  Megan's Law is twofold: (1) "to assure that persons
8  convicted of the crimes enumerated therein shall be
9  readily available for police surveillance at all times
10  because the Legislature deemed them likely to commit
11  similar offenses in the future;" and (2) "to notify
12  members of the public of the existence and location of
13  sex offenders so they can take protective measures."
14  People v. Hofsheier, 37 Cal. 4th 1185, 1196 (2006)
15  (internal quotations and citations omitted).  As such,
16  based on the plain meaning of the statute, Megan's Law is
17  a regulation enacted to promote public safety.  Although
18  there are protections within Megan's Law for registered
19  sex offenders in the employment context, those provisions
20  do not transform it into an "equal employment opportunity
21  law or regulation" for the purposes of Section 1786.20.

22

23

24      [3] Defendant also argues California "has codified its
25  equal employment opportunity law under the Fair
   Employment and Housing Act, California Government Code
26  Section 12900, et seq. ("FEHA")."  (See Mot. at 10.)
   Defendant rightly points out that FEHA does not identify
27  registered sex offenders as a protected class of
   individuals.  See Cal. Gov. Code § 12940(a); see also 89
28  Ops. Cal. Atty. Gen 85 (2006).

1    The pertinent section of Megan's Law states "... use
2  of any information that is disclosed pursuant to this
3  section for purposes relating to any of the following is
4  prohibited: ... (E) Employment ...."  Cal. Penal Code §§
5  290.4(d)(2)(E), 290.46(l)(2)(E).  Along with
6  "employment," Megan's Law lists seven other categories
7  for which use is prohibited.  See Cal. Penal Code §§
8  290.4(d)(2)(A)-(H); 290.46(l)(2)(A)-(H).  If the Court
9  were to construe Megan's Law as an "equal employment
10 opportunity law or regulation" then it must also construe
11 it as an equal access to insurance, health care, loans,
12 credit, education, housing, and benefits law.  Id.  Such
13 a construction of Megan's Law would lead to absurd
14 results.  Furthermore, Plaintiff presents no authority
15 for his contention that Megan's Law is an equal
16 employment opportunity law or regulation.[4]  Accordingly,
17 the Court grants Defendant's Motion on this claim,
18 without leave to amend.

19
20
21
22
23

24    [4] Instead, Plaintiff makes a confused argument that
California Civil Code Sections 43 and 53 provide him with
25 "personal rights" with which he can vindicate his rights
under Megan's Law, which states "other remedies or
26 procedures may be available;" the availability of
"personal rights," thus, converts Megan's Law into an
27 equal employment opportunity law.  (See Opp'n at 10.)
This argument is incoherent and the Court does not
28 address it.

1 | **C.  Claim Three - Declaratory Relief**

2 |     Plaintiff's declaratory relief claim depends on his

3 | success on his first claim.  See <u>Embarcadero Mun.</u>

4 | <u>Improvement Dist. v. County of Santa Barbara</u>, 88 Cal.

5 | App. 4th 781, 793 (2001).  As the Court has denied

6 | Defendant's Motion as to Plaintiff's first claim, the

7 | Court denies Defendant's Motion on Plaintiff's claim for

8 | declaratory relief.

9 |

10 |                        **IV. CONCLUSION**

11 |     For the foregoing reasons, the Court GRANTS

12 | Defendant's Motion for Judgment on the Pleadings and

13 | dismisses Plaintiff's Complaint, with prejudice.

14 |

15 |

16 | Dated: <u>April 8, 2009</u>

17 |                         VIRGINIA A. PHILLIPS
United States District Judge